**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24742-CIV-DAMIAN**

**MAICKEL JORGE QUINTERO VALDES,**

Petitioner,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,**

Respondents.
_______________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before this Court on Petitioner, Maickel Jorge Quintero Valdes's ("Petitioner"), *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed on July 10, 2026. Respondents filed a Response to the Petition [ECF No. 6 (the "Response")] on July 20, 2026. Petitioner did not file a reply.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

### *A. Petitioner's Immigration And Criminal History.*

Petitioner, a native and citizen of Cuba, was admitted to the United States as a lawful permanent resident on September 25, 1993, at Miami, Florida. Resp. at 1; [ECF No. 6-1]. On August 31, 2006, Petitioner was convicted in Miami-Dade County, Florida, of drug trafficking and sentenced to 4 years in state prison and 10 years of probation. *See* ECF No. 6-

3, Declaration of Deportation Officer, at ¶ 7; *see also* ECF No. 6-1 (Form I-213, Record of Deportable/Inadmissible Alien).

On August 24, 2007, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA"), pursuant to section 240 of the Immigration and Nationality Act ("INA"), charging him as inadmissible under section 237(a)(2)(A)(iii) of the INA, in that after admission, Petitioner was convicted of an aggravated felony. [ECF No. 6-2]. Additionally, the NTA charged Petitioner with inadmissibility under section 237(a)(2)(B)(i) of the INA, in that after admission, Petitioner was convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. *Id.*

On November 26, 2007, an Immigration Judge entered an order of removal against Petitioner, to which Petitioner waived appeal. *See* ECF No. 6-4 (Order of the Immigration Judge). On September 14, 2014, Petitioner was released on an Order of Supervision ("OSUP"). *See* Declaration of Deportation Officer, at ¶ 11.

On January 11, 2013, Petitioner was convicted in Miami-Dade County, Florida, of third-degree grand theft and sentenced to 1 day in county jail. *See* Declaration of Deportation Officer, at ¶ 12. On July 12, 2016, Petitioner was convicted in Miami-Dade County of aggravated assault and possession of weapon by convicted felon, and sentenced to 5 months, 28 days in county jail. *Id.* ¶ 13. On August 14, 2017, Petitioner was convicted in Miami-Dade County of possession of a controlled substance and sentenced to 23 days in county jail. *Id.* ¶ 14. On July 1, 2019, Petitioner was convicted in Miami-Dade County, Florida of aggravated assault with a deadly weapon and sentenced to 3 years in state prison. *Id.* ¶ 15.

On December 9, 2024, Petitioner was convicted in Miami-Dade County, Florida, of possession of a weapon by convicted felon, aggravated assault with a deadly weapon, and disorderly conduct. *Id.* ¶ 16. Petitioner was sentenced to 4 months and 20 days, 11 months and 29 days, and 60 days in county jail, respectively, to run concurrently. *Id.* Additionally, Petitioner was sentenced to 2 years of probation. *Id.*

***B. Petitioner's Detention And Removal Proceedings.***

On May 8, 2026, Petitioner was encountered by U.S. Immigration and Customs Enforcement ("ICE") during an enforcement operation. During this encounter, and after determining that Petitioner was subject to a final order of removal, Petitioner's OSUP was revoked, and he was taken into ICE custody. *See* Declaration of Deportation Officer, at ¶¶ 17–18; *see also* ECF No. 6-6 (Notice of Revocation of Release). On May 22, 2026, ICE served Petitioner with a Notice of Removal to Mexico, which Petitioner refused to sign. *See* ECF No. 6-7 (Notice of Removal).

On June 30, 2026, Petitioner was transferred to Krome North Service Processing Center (Krome), located in Miami, Florida. *See* ECF No. 6-5 (Detention History). On July 6, 2026, Petitioner was transferred to Larkin Hospital. *Id.* On July 17, 2026, Petitioner was transferred back to Krome. *Id.* Petitioner remains in ICE ERO custody pending execution of his removal order. *See* ECF No. 9 (Status Report).

***C. Petitioner's Habeas Action.***

On July 10, 2026, Petitioner, appearing *pro se*, initiated this action by filing the Petition pursuant to 28 U.S.C. § 2241. *See generally* Petition. Petitioner challenges his continued detention and seeks release from immigration custody. *Id.* Petitioner contends that although

he was ordered removed in 2007, ICE has not shown that his removal to Cuba is foreseeable in the near future. *See* Pet. at 2–8.

Respondents argue that Petitioner's current detention is lawful under 8 U.S.C. § 1231, as he is subject to a final order of removal, and that his *Zadvydas* claim is premature because Petitioner had been detained for less than six months when he filed the Petition and he has not met his burden of proving that his removal is not reasonably foreseeable. Resp. at 4–6.

On October 16, 2026, this Court directed the Respondents to file a status report as to Petitioner's removal. [ECF No. 8]. On October 20, 2026, Respondents filed a Status Report indicating that Petitioner is currently detained at Krome North Service Processing Center pending execution of his removal order. [ECF No. 9].

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas*, 533 U.S. at 687.

## III. DISCUSSION

Upon review of the Petition and relevant subsequent filings, this Court finds the Petition is due to be dismissed as premature under *Zadvydas* because Petitioner had only been detained for 63 days prior to filing his habeas petition.

An alien's removal period starts on the latest of the following:

(i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of

> removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). Moreover, "Congress mandates that the Attorney General '*shall* detain [an] alien' who has been ordered removed from the United States 'within a period of 90 days.'" *Phadael v. Ripa*, No. 24-CV-22227, 2024 WL 3088350, at *2 (S.D. Fla. June 21, 2024) (Altman, J.) (quoting 8 U.S.C. § 1231(a)(1), (2) (emphasis added in *Phadael*)). Given that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," United States Supreme Court precedent holds "that the Government must 'limit [ ] an alien's post-removal detention to a period reasonably necessary to bring about that alien's removal from the United States.'" *Phadael*, 2024 WL 3088350, at *2 (quoting *Zadvydas*, 533 U.S. at 689–90). The *Zadvydas* Court reasoned that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. 533 U.S. at 701 (concluding that "for the sake of uniform administration in the federal courts, we recognize that [six-month] period.").

Six months, however, is a "guidepost" for the lower courts to follow. *Phadael*, 2024 WL 3088350, at *2. Indeed, "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, "[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). It then falls on the alien to present that the Government has the right to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner's present period of immigration detention began on May 8, 2026. Resp. at 3; [ECF No. 9-1 (Detention History)]. Petitioner filed the Petition on July 10, 2026, two months after being detained by immigration officials. [ECF No. 1]. Thus, at the time Petitioner initiated this action, the six-month presumptively reasonable period recognized in *Zadvydas* had not expired. Accordingly, because Petitioner filed this action before six months of his current period of post-removal-order detention had elapsed, his *Zadvydas* claim is premature. As of the date of this Order, Petitioner has still been detained fewer than 180 days.

Moreover, even if Petitioner had satisfied the six-month threshold, the present record does not demonstrate a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. As indicated in the Declaration of Deportation Office Lauciello, ICE served Petitioner with a Notice of Removal to Mexico, which Petitioner refused to sign. [ECF No. 6-3, at ¶ 19]; [ECF No. 6-7]. Therefore, the existence of these removal efforts to a third country undermines any assertion that Petitioner's removal is not significantly likely in the reasonably foreseeable future. Petitioner is reminded that the Eleventh Circuit has consistently held that petitioners who prevent their own removal from the United States may be detained longer than the six-month period contemplated in *Zadvydas*. *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (denying habeas petition of petitioner who had been detained for three years because "[h]is refusal to voluntarily sign his travel document or inform Brazil that he is willing to return has extended his removal period"); *Oladokun v. U.S. Atty. Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) (denying habeas petition where petitioner thwarted his removal by refusing to comply with removal procedures and "complete forms necessary for him to obtain a new travel document").

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida, this 28th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Maickel Jorge Quintero Valdes, *Pro se*
A# 039273652
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194